

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

BENTLEY MARK JENKINS, §
　　　　　　　　　　　　　§
　　　　Petitioner, §
　　　　　　　　　　　　　§
v. § No. 4:19-CV-145-A
　　　　　　　　　　　　　§
KEN PAXTON, Texas Attorney §
General, §
　　　　　　　　　　　　　§
　　　　Respondent. §

### MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by petitioner, Bentley Mark Jenkins, a federal inmate incarcerated at FCI Pollock in Louisiana, against Ken Paxton, Attorney General for the State of Texas, respondent. No service has issued against respondent. After having considered the petition and relief sought by petitioner, the court has concluded that the petition should be dismissed for lack of subject matter jurisdiction.

### I. FACTUAL AND PROCEDURAL HISTORY

On November 14, 1991, in the Criminal District Court Number Four, Tarrant County, Texas, Case No. 0410880D, petitioner pleaded nolo contender pursuant to a plea agreement to one count of aggravated assault causing serious bodily injury and was sentenced to 10 years confinement. (Pet'r's Mem. Ex. A-(19), doc. 2-2.) He also agreed to a plea in bar to one count of robbery in Case No. 0458301W. (Id., Ex. A-18.) By way of this petition,

petitioner challenges his 1991 conviction and plea in bar on substantive grounds. (Pet. 6-11, doc. 1.) The conviction and/or the facts of the plea in bar were later used to apply a career-offender enhancement to his federal sentence for bank robbery in this court in *United States v. Jenkins,* No. 4:13-CR-032-A.[1]

## II. SUBJECT MATTER JURISDICTION

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and 28 U.S.C. § 2243 both authorize a habeas-corpus petition to be summarily dismissed.[2] The Court of Appeals for the Fifth Circuit recognizes the district courts'

---

[1] Petitioner has challenged his sentence enhancement as a career offender based on his 1991 conviction and/or plea in bar in at least two prior proceedings in this court. *See Jenkins v. United States,* Civil Action No. 4:18-CV-777-O (petition for writ of coram nobis); *Jenkins v. United States,* Civil Action No. 4:16-CV-448-A (§ 2255 motion).

[2] Section 2243, governing applications for writ of habeas corpus, provides:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person is not entitled thereto.*

28 U.S.C. § 2243 (emphasis added).

Rule 4 of the Rules Governing Section 2254 Cases provides:
> The original petition shall be promptly presented to a judge of the district court in accordance with the procedure of the court for the assignment of its business. The petition shall be examined promptly by the judge to whom it is assigned. *If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.*

Rules Governing Section 2254 Cases, Rule 4 (emphasis added).

authority under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999).

Generally, for this court to have subject matter jurisdiction over a claim(s) under § 2254, the petitioner must be "in custody" pursuant to the underlying conviction the subject of the proceeding. *Lackawanna Cty. Dist. Att'y v. Coss*, 532 U.S. 394, 394 (2001); *Maleng v. Cook*, 490 U.S. 488, 492 (1989). A federal court lacks subject matter jurisdiction to entertain a § 2254 petition that directly challenges the validity of a conviction for which the sentence has been fully discharged because the petitioner is not "in custody" for that conviction. This is true even if the prior conviction is used to enhance the sentence imposed for any subsequent crime of which the petitioner is convicted. *Josey v. Thaler,* No. 4:11-CV-0633-A, 2012 WL 195002 at *2 (N.D. Tex. Jan. 23, 2012) (citing *Maleng,* 490 U.S. at 492).

Obviously, petitioner was never "in custody" for purposes of the plea in bar in Case No. 0458301W and his 10-year sentence in Case No. 041880D was fully discharged years ago; thus, he was not "in custody" under the 1991 conviction or plea in bar at the time the petition was filed. Accordingly, he may not now challenge the conviction or plea-in-bar proceeding directly in a § 2254 petition. *Garlotte v. Fordice*, 515 U.S. 39, 45 (1995); *Maleng,* 490 U.S. at 492-93.

3

For the reasons discussed herein,

The court ORDERS that the petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2254 be, and is hereby, dismissed with prejudice for lack of subject matter jurisdiction and that all pending motions be, and are hereby, denied. The court further ORDERS that a certificate of appealability be, and is hereby, denied.

SIGNED April 24, 2019.

JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE